United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LUIS M. OVALLE-NINO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:26-cv-157 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Petitioner Luis M. Ovalle-Nino filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his detention while in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center in Conroe, Texas. Dkt. 1. On April 21, 2026, the federal respondents advised the Court that the Immigration Court granted the petitioner's request for voluntary departure on April 15, 2026. Dkt. 14. Subsequently, the petitioner, through counsel, filed a "Notice of Voluntary Dismissal" under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 15. Because the respondents have already answered the petition, the Court treats the notice as a motion for voluntary dismissal under Rule 41(a)(2). The Court will grant the motion for the reasons explained briefly below.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v.*

*McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 217 (5th Cir. 2002).  Here, the petitioner is no longer subject to continued immigration detention and no longer seeks the relief requested in his habeas petition.  This renders his petition moot, as there is no relief the Court can grant through habeas review.

Accordingly, the Court **ORDERS** as follows:

1. The petitioner's motion for voluntary dismissal (Dkt. 15) is **GRANTED.**

2. This case is **DISMISSED WITHOUT PREJUDICE** as moot.

3. Any remaining pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas, on _____APR 2 8 2026_____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

2